[Civ. No. 6522.   Third Appellate District.—February 1, 1941.]

WALTER MATTHEWS, Petitioner, v. GRANVILLE NAYLOR et al., Respondents.

Tebbe & Correia and Edmund D. Leonard for Petitioner.

E. A. Corten for Respondents.

TUTTLE, J.—Petitioner seeks to review and annul an order of the Industrial Accident Commission denying him compensation on a finding that injuries sustained by him did not arise out of, and in the course of his employment.

There were two hearings held by respondent commission. The first terminated in a denial of any relief to petitioner upon the ground that the claim was barred by the statute of limitations. A rehearing was granted, and the second trial also resulted in the denial of any relief, upon the ground that the evidence failed to show that petitioner was injured in the course of his employment. That is the sole issue before us here. If there is any substantial evidence to support the finding of the commission, the award must be upheld. At the second hearing it was stipulated that all the evidence introduced at the first hearing might be considered as a part of the record in the case.

There is no substantial conflict in the evidence, and respondents do not so contend. They insist, however, that from all the evidence adduced they were justified in inferring and finding that the injury did not arise out of the employment of petitioner.

On or about December 3, 1937, petitioner started out from Etna for San Francisco, by way of Healdsburg. He used his own automobile, and drove down Highway 99, which is admittedly, as the record shows, the usual and most direct route from Etna to San Francisco. While he was between the cities of Redding and Anderson, his car collided with a truck. As a result he suffered a fracture of the right hip and multiple

contusions. He was confined to a hospital for twenty-one weeks, and his expenses in that connection were $458.95. His doctor bill was $552.50. The commission held that the trip upon which he started was a personal mission, hence not compensable. Petitioner contends that he was, in making the trip, on the business of his employer, hence the injury arose out of his employment and he was therefore entitled to compensation under the Workmen's Compensation Act. (Division IV of the Labor Code.)

It now becomes necessary to look at the evidence bearing upon the purpose and object of the trip. For a number of years petitioner was employed by respondent Naylor, at the town of Etna, Siskiyou County, as a mechanic. Around Thanksgiving Day, 1937, he told his employer that he wished to visit relatives in the city of Healdsburg, Sonoma County. Respondent Naylor gave the following testimony in respect to his reply to that request:

"A. He said he would like to go to Healdsburg to see his people. Q. Did he say how long he intended to be gone? A. He didn't say. Q. Did he say when he wished to go when he first mentioned it? A. He would like to go around Thanksgiving. Q. At the time of that statement or request to you, what conversation did you have with him about it; what request if any did you make of him with reference to it? A. We were pretty busy at the time; I had quite a little work, and I asked him if he couldn't put it off until a little later and do some work for me at the same time. Q. What was this work you wanted him to do for you at the same time he made the trip? A. I was figuring on buying a hoist and an arc welder, and he had worked in San Francisco and knew a lot of mechanics and knew how to get around better than I did, and I figured he would be better to hunt this equipment up than I would because he knew more about it."

The proposed trip was deferred until December 3d. In the meantime they had another conversation, in which they agreed upon the date of departure, and the work to be done by petitioner in San Francisco. It was the same work as that described in the testimony given above. In respect to the date of the trip, respondent Naylor testified: "I picked the time for the trip; he didn't." The testimony of petitioner is as follows:

"A. We were talking one day and I asked him couldn't I get off for about a week for Thanksgiving; he said, 'You ain't going to leave me now because I got too much work.' He said, 'Will a little later do?' And I told him, 'Sure'. So I waited until we got the work caught up. Q. At that time when you asked him about the Thanksgiving trip was anything said about doing any errands for him in San Francisco? A. Yes. Q. Will you state just what was said at that time by Mr. Naylor? A. Going to Healdsburg he wished I would go on down to the City and look over some hoists and an arc welder down there that might be worth while to buy, and see about some new ones, too."

During the time of his absence, he was to receive his usual wages.

We believe that the only reasonable conclusion to be reached from the evidence is that petitioner was in the employ of respondent Naylor when the accident occurred, and the injury was therefore a compensable one. "If the trip is undertaken from a mixture of motives and the duty within the employment is not the major factor of the journey or movement, the injury is not compensable. . . . What is the major purpose of the trip is frequently a very close question of fact. *The test is: If the work of the employee creates the necessity for travel, he is in the course of his employment, though he is serving at the same time some purpose of his own.*" (Vol. 1, Workmen's Compensation (Campbell), p. 177, sec. 188.) Here, the undisputed evidence shows that the employer refused to permit petitioner to make the trip as first planned. The undisputed evidence is that the second date of departure was picked by the employer and not by the employee. Thus it appears that there would have been no trip at all unless the business of the employer was attended to and performed. The city of Healdsburg is (though not in the most direct way), on the route between Etna and San Francisco. In our opinion the only reasonable conclusion to be drawn is that the main and chief purpose of the trip, as rearranged, was the business of the employer. It was the major factor of the journey. The only case on this point, cited by respondents, is *London G. & A. Co.* v. *Industrial Acc. Com.,* 190 Cal. 587 [213 Pac. 977]. There, the claimant took some work to be done in his home instead of in the office where he was employed. He completed the work at noon, had lunch, and was open-

ing the front door of his home, on his way to return to his office. He slipped on the floor and broke his hip. Compensation was denied, upon the ground that the particular work which he had taken home had been finished, and the injury, therefore, did not arise out of his employment. In the instant case the work which the employee had undertaken for his employer had not been performed. We are unable to accept the view that the evidence will support a finding that the petitioner was on a personal mission when he was injured. On the contrary, we believe that the only reasonable conclusion to be drawn from the evidence is that the work of the employer created the necessity for the travel. Respondent Naylor refused to permit petitioner to take the trip when it was first suggested by the latter, and picked the time for the second. Furthermore, he expressly permitted petitioner to stop off at Healdsburg on his way to San Francisco. The employer cannot now be heard to contend that because he merely *planned* to make such stop, petitioner lost all right to compensation.

In reaching our conclusion, we have, throughout, been guided by the section of the act mentioned which expressly enjoins us to construe the law liberally. Also, we have been mindful of the rule that ''Any reasonable doubt as to whether the Act is contemplated by the employment, in view of this state's policy of liberal construction in favor of the employee, should be resolved in favor of the employee''. (*Employers' etc. Corporation* v. *Industrial Acc. Com.*, 37 Cal. App. (2d) 567–574 [99 Pac. (2d) 1089].)

The award is annulled.

Pullen, P. J., and Thompson, J., concurred.